## 70040. SEABOLT v. THE STATE.
### (330 SE2d 789)

BIRDSONG, Presiding Judge.

Andrew J. Seabolt was convicted of a misdemeanor-traffic violation and sentenced to a fine alternatively to a period of twelve months' confinement. The facts giving rise to this conviction reflect that Seabolt was a carrier for customized vans from a manufacturer in the midwest to various parts of the country. On May 4, 1984, he was driving a tractor trailer along I-75 in Catoosa County. It is agreed that Seabolt's trailer upon which the vans were loaded could be extended to a length of no more than 46 feet 4 inches and when combined with the tractor, the overall length of the tractor trailer was no more than 57 feet 7 inches. As the trailer was loaded on May 4, the last van on the trailer extended over the rear end of the trailer so as to make the actual length of the carrier hauler and load 61 feet 2 inches. Seabolt was issued a citation for violating OCGA § 32-6-24 (a) (4), i.e., operating a tractor trailer with load that exceeded 60 feet. Ultimately an accusation was issued charging Seabolt with violating OCGA § 32-6-24 by operating a trailer in excess of 45 feet. However, the face of the accusation summarized the charge as operating a motor carrier having over-length. Seabolt moved to dismiss the citation/accusation as failing to sustain a crime. The trial court denied this motion and entered findings of guilty and the sentence as indicated. It is from this judgment of guilty and sentence that Seabolt brings this appeal. *Held*:

OCGA § 32-6-24 (a) (4), the section Seabolt was charged with violating by the arresting officer, proscribes an extension of a combined vehicle (tractor-trailer) together with load of more than 60 feet unless excepted by subsection 32-6-24 (b). OCGA § 32-6-24 (a) (2) likewise proscribes a combined length of 60 feet but adds that the maximum length of a semi-trailer may not exceed 48 feet. OCGA §

32-6-24 (b) (3) provides that automobile carriers shall not carry a load (including the carrier) of more than 65 feet. That same section provides that the prohibition that semi-trailers shall not exceed 45 [sic] feet in length does not apply to motor carriers (except that the overall length may not exceed 65 feet). It is noted that the antecedent statute to the current statute (a 1981 statute) limited the overall length of motor carriers to 60 feet and in general provided that semi-trailers should not exceed 45 feet. In April, 1983, however, that statute was modified to authorize motor carriers an overall length not to exceed 65 feet and semi-trailers to 48 feet.

From an analysis of the facts that Seabolt's semi-trailer did not exceed 48 feet (being 46 feet 4 inches) and the overall extended length of the rig plus load did not exceed 65 feet (being 61 feet 2 inches in fact), it appears that the trial court erred in denying Seabolt's motion to dismiss the accusation in that the facts as agreed clearly establish that no violation of OCGA § 32-6-24 occurred when the provisions of § 32-6-24 (b) (3) are applied.

*Judgment reversed. Sognier, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED APRIL 12, 1985.

*Robert E. Born, Nan Marie Deegan,* for appellant.
*David L. Lomenick, Jr., District Attorney, David J. Dunn, William R. Thompson, Jr., Assistant District Attorneys,* for appellee.
*W. Dan Greer,* amicus curiae.